John W. UMOREN, Plaintiff–
Appellant,

v.

Warden BYRD, Warden of prison, indi-
vidually; FNU Braggs, Deputy War-
den, individually; Chief Hilligoss,
Chief of Management, individually
and in his official capacity; Chief
Cox, Chief of Security, individually
and in his official capacity; FNU Hol-
larn, Principal and Supervisor of law
library and education, individually
and in his official capacity; Ms. FNU
Shoemaker, Quality Assurance and
Public Relations Officer, individually
and in her official capacity; FNU
Battles, C Unit Manager, individually
and in his official capacity, Defen-
dants–Appellees.

No. 16–6230

United States Court of Appeals,
Tenth Circuit.

November 2, 2016

Before KELLY, HOLMES, and
MORITZ, Circuit Judges.*

**ORDER AND JUDGMENT** **

Paul J. Kelly, Jr., Circuit Judge

Plaintiff–Appellant John Umoren, a
state inmate appearing pro se, brought
this 42 U.S.C. § 1983 action against sever-

al staff members at the Cimarron Correc-
tional Facility, alleging that the defendants
(1) allowed and prompted the murder of
gang members, and (2) inhibited his access
to the law library in an attempt to cover
up their misconduct. 1 R. 6–17. As relief,
Mr. Umoren seeks "to remove the ...
defendants from any supervisory position
and terminate their employment," as well
as "allow prison reform and implementa-
tion of gang policy and law library access."
Id. 16.

The magistrate judge recommended that
the case be dismissed pursuant to 42
U.S.C. § 1997e(c) for failure to state a
claim. 1 R. 80–88. Over Mr. Umoren's ob-
jection, the district court adopted the rec-
ommendation and dismissed the case.
Umoren v. Byrd, No. Civ–16–106–M, 2016
WL 3945837 (W.D. Okla. July 19, 2016).
We review de novo. Ruiz v. United States,
160 F.3d 273, 275 (5th Cir. 1998); see also
Barnes v. Hawk, 166 F.3d 346 (10th Cir.
1998) (unpublished).

Under § 1997e(c)(1), a court "shall on its
own motion ... dismiss any action brought
with respect to prison conditions under
section 1983 of this title ... if the court is
satisfied that the action is frivolous, mali-
cious, [or] fails to state a claim upon which
relief can be granted." An action is frivo-
lous if "it lacks an arguable basis either in
law or in fact." Neitzke v. Williams, 490
U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d
338 (1989). Dismissal for failure to state a
claim is proper where a complaint lacks
factual content suggesting plausibility, i.e.
that "the defendant is liable for the mis-
conduct alleged." Ashcroft v. Iqbal, 556

---

* After examining the briefs and the appellate
record, this three-judge panel has determined
unanimously that oral argument would not be
of material assistance in the determination of
this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered
submitted without oral argument.

** This order and judgment is not binding prec-
edent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.
It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

On appeal, Mr. Umoren argues that the district court abused its discretion by dismissing his complaint sua sponte and dismissing it without leave to amend. However, § 1997e(c) expressly authorizes a district court to dismiss a suit at any time if the court determines the action fails to state a claim, and Mr. Umoren was heard when he objected to the magistrate judge's recommendation. Moreover, we agree with the district court that Mr. Umoren's two claims do not demonstrate the type of actual and concrete injury, specific to him, that would be required to pursue such claims. See Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Swoboda v. Dubach, 992 F.2d 286, 289 (10th Cir. 1993).

Accordingly, we DISMISS the appeal, and DENY leave to proceed IFP. Mr. Umoren is obligated to pay the full filing fee. We find the appeal frivolous and a "strike" for purposes of 28 U.S.C. § 1915(g).